UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SUNTRUST BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TEDD A. TJORNHOM, )<br>)<br>Defendant. )<br>) | CASE NO. 3:12-cv-00198<br>SENIOR JUDGE NIXON<br>MAGISTRATE JUDGE BROWN |

## FINALJUDGMENT

Pending is the *Motion of SunTrust Bank for Default Judgment* (the "Motion", Docket Entry No. 11) in which Plaintiff SunTrust Bank ("SunTrust") seeks a default judgment against Defendant Tedd A. Tjornhom ("Defendant") on all counts set forth in SunTrust's *Complaint* (Docket No. 1) (the "Complaint") for his failure to file a responsive pleading within the time required by law. SunTrust asked the Court to grant the Motion and award it certain relief, however since SunTrust's Motion seeks a sum certain the Court has referred it to the Clerk for consideration under Federal Rule of Civil Procedure 55(b)(1).

The Clerk finds that Defendant was served with summons and copy of the Complaint on March 8, 2012. A return of service for Defendant was entered on March 15, 2012. Accordingly, and pursuant to Fed. R. Civ. P. 12(a), Defendant was required to serve a responsive pleading or answer to the Complaint on SunTrust on or before March 30, 2012. To date, Defendant has not served SunTrust or SunTrust's counsel with an answer, and Defendant has not defended himself against the Complaint.

As a result of Defendant's failure to serve an answer or otherwise defend himself against the Complaint, SunTrust filed a *Motion for Entry of Default* on April 9, 2012. On April 27, 2012, the Clerk of Court entered Defendant's default on the docket.

The Clerk finds that Defendant in this matter is not an infant or an incompetent, nor is he on active duty in the military service of the United States.

Therefore, SunTrust is entitled to default against Defendant.

**It is therefore ORDERED that**

The Motion is hereby granted with the exception of the request for attorney fees and costs, and judgment is entered in favor of SunTrust and against Defendant in the amount of One Hundred Sixty-Three Thousand Five Hundred Forty-One and 8/100 Dollars ($163,541.08), for which execution may immediately issue. Attorney fees and costs must be sought by separate motion pursuant to Federal Rule of Civil Procedure 54(d)(2). Taxable costs of the case must be sought pursuant to Local Rule 54.01(a).

DATED MAY 7, 2013  KEITH THROCKMORTON
CLERK OF COURT